Learned, P. J.
—This is an action of replevin brought to recover from the assignee of Adaline S. Birch lumber sold to her by plaintiffs. The alleged ground of recovery is that her agent made false and fraudulent statements as to responsibility to one of the plaintiffs at the time of the sale.
Hiram I). Hurd, one of the plaintiffs to whom the statements were alleged to have been made, testified to them positively from his own recollection. The plaintiffs then offered in evidence a memorandum which he testified was made by him at the time. This memorandum contained the items of the goods ordered, and it also contained a statement of the representations alleged to have been made by the agent of Adaline S. Birch at the time, and which are claimed to have been fraudulent.
The witness testified that at the time, he read to that agent that part of the memorandum which contained the items of the goods ordered, but did not read to him that part which contained a statement of the alleged representations.
The defendants objected to the giving of this memorandum in evidence; but it was admitted and the defendants excepted.
This was error. The written statement of what the agent said was not sworn evidence. It was the unsworn writing of the witness, and, therefore, merely as a writing proved to have made at the time it was not admissible. It could in no way be admissible, even by the testimony of the witness, that it was a true statement. For he had already from his own recollection testified positively to the conversation. To give this writing in evidence was only showing that the witness had on a former occasion written down without oath the statements which he had now given upon oath. In.other words,-it was an attempt to strengthen the credibility of the witness by showing that he had said, or rather written, the same things before.
*871 A witness may refresh his recollection by referring to a memorandum. And this, too, although without the memorandum his recollection would be very faint. But that is very different from giving a memorandum of a conversation in evidence as a distinct piece of proof. If there be cases in which such a written memorandum can be given in evidence, they must be only when the recollection of the witness has altogether failed, and he is, therefore, unable to testify to the matters in question.
The counsel for the plaintiffs likens this memorandum to entries made in the ordinary course of business. But a memorandum of statements as to responsibility is not such an entry as is there made. Such entries when admitted in evidence relate to business transactions, such as sales of goods and the like, and are the records of such transactions into merchant’s books and are such records of business as are customarily made.
They are records of things done, not of things said. The present case does not come within the principle which admits them.
On the first impression there is force in the argument of the plaintiffs’ counsel, viz.: That evidence of this kind tends to corroborate the witness. But a more careful consideration of the subject will show that such evidence is really in violation of the common law principle that the testimony of witnesses must be given under oath. Courts are to hear what witnesses will now swear to; not what they said or wrote at some past time, however near that time was to the occurrence in question.
This point is important in the present case. The plaintiffs’ witness and the defendants’ witness contradicted each •other as to what was said. If this memorandum is admitted, it throws the weight of evidence on the plaintiffs’ ■side.
There is another difficulty in this case: The referee has not found the value of the property at the time of trial. This is necessary. The property may have depreciated between the time when it was taken from plaintiff and the time of trial, and this, too, without defendants’ fault. Such depreciation, without defendants’ fault, must be the loss of the owner of the property. And such owners the plaintiffs are decided to be. This rule is especially important where the defendant, who was in possession at the time of the commencement of the action, was only an assignee and not the original wrong-doer.
The judgment must be reversed, a new trial granted, referee discharged, costs to abide event.
Landon and Williams, JJ., concur.